*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-301

DECEMBER TERM, 2011

| | |
|---|---|
| M.M. | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Family Division |
| | } |
| S.L. | } DOCKET NO. 551-7-09 Cndm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Mother appeals pro se from an order of the Chittenden Superior court, Family Division, awarding father sole parental rights and responsibilities for the parties' child. Mother contends that the court erroneously: (1) made a number of findings unsupported by the evidence; (2) relied on facts previously adjudicated; (3) failed to require a substantial change of circumstances as a prerequisite to modifying parental rights and responsibilities; and (4) failed to acknowledge her custodial role in determining the child's best interests. We affirm.

The record discloses the following material facts. The parties were married in North Carolina in 1997, moved to Vermont in 2001, and divorced in 2004. Under the terms of the divorce decree, they shared custody of their only child, born in 1998. In 2005, father returned to North Carolina. The parties agreed that the child would live with father during the school year and spend summers with mother. Both parties subsequently remarried, but later separated from their new spouses.

Disputes between the parties resulted in mother's filing a motion to modify parental rights and responsibilities in North Carolina in November 2008. A court-ordered evaluation by a social worker noted that the child had recently been diagnosed by a psychologist as having Attention Deficit Hyperactivity Disorder (ADHD), that mother disputed the diagnosis and did not agree with father's decision to use medications for the condition, and that father was concerned that mother's new husband had physically abused the child. Apparently based on father's plan to return to Vermont and the agreement of the parties, however, the court issued a temporary order reaffirming the shared custody arrangement so long as father lived within twenty miles of mother's home in Hinesburg, Vermont, the child lived with mother and attended school in Hinesburg, and father had frequent visitation.

Father thereafter moved to Vermont and the parties shared custody, often exchanging physical custody every other week, until mother moved to modify custody in March 2010. Following several hearings, the court deferred ruling on the motion pending an evaluation of the child by the Stern Center. Conducted in February 2011 when the child was almost thirteen, the Stern report observed that the parties had different perspectives on several academic, health, and social issues involving the child. According to the report, the child's teachers had observed that, although intelligent and creative, he had

significant problems with attention, memory, and work completion. Various tests discussed in the report tended to support these observations, suggesting a "complex profile" of symptoms involving attention, mood, executive functioning, and anxiety. The report recommended a further evaluation by a mental health professional to provide a differential diagnosis and suggestions for necessary interventions. In this regard, the report noted mother's continuing reservations about the earlier diagnosis of ADHD and her tendency to attribute some of the child's symptoms to his personality, while father viewed them as resulting from learning difficulties treatable through ADHD medication.

Following the report, mother renewed the pending motion to modify, and the court held a hearing in July 2011.[*] Each party appeared pro se and testified extensively in response to questioning by the court. Mother explained that the shared custody arrangement was no longer working due to the increasing disruptions caused by moving the child between two homes and the parties' inability to agree on fundamental issues, prompting her to seek sole legal and physical rights and responsibilities. She asserted that her home offered the child the advantages of remaining in the same community where he currently attended school and had friends. Father also sought sole parental rights and responsibilities, expressing concern that mother had not attended adequately to issues concerning the child's learning difficulties, hygiene, and safety, and stating that he provided the necessary oversight, structure, and routine.

At the conclusion of the hearing, the court issued brief findings from the bench. The court found that both parties were excellent parents, which made the decision a difficult one. Nevertheless, the court found that father had demonstrated more insight into the needs of the child and was better suited to attend to those needs, enhance the child's self-esteem, and ensure that he was organized, prepared for school, and socially and academically successful. Accordingly, the court awarded father sole legal and physical parental rights and responsibilities, and granted mother extensive visitation. Mother appealed.

Mother's brief raises three distinct claims, as well as several others that were not separately or expressly captioned. First, she contends that the court's finding that father would better attend to the child's needs was predicated upon an erroneous finding that the child had ADHD or other unmet learning difficulties. She notes that the Stern report did not contain a diagnosis of ADHD, and contained a number of findings showing his intellectual strengths. She also contends that there was no evidence of father's greater ability to meet the child's schooling needs. Second, she argues that the court improperly relied on allegations that had been previously adjudicated. Third, she argues that the court failed to duly credit her role as primary care provider. Finally, she argues that the court failed to require a substantial change in circumstances.

Our review is limited. The trial court enjoys broad discretion in resolving a motion to modify parental rights and responsibilities. Chickanosky v. Chickanosky, 2011 VT 110, ¶ 14. Because of its unique position as the trier of fact, the trial court is best positioned to assess the credibility of witnesses and weigh the evidence, and its findings will be upheld if supported by reasonable and credible evidence. Id. Assessed in light of these standards, we discern no basis to disturb the court's findings. A review of the hearing reveals that the court's finding that father was better able to attend to the child's needs was not based on an express finding that the child had ADHD, but on the totality of the evidence showing that he had a number of real and substantial learning challenges, including the diagnosis of ADHD from North Carolina and the Stern report noting "concerns with [the child's] attention, executive

---

[*] Mother has submitted a DVD recording, rather than a transcript, of the July 2011 hearing.

2

functioning, mood, behavior and . . . anxiety," all of which suggested a possibility of ADHD. The court's finding that father was better able to attend to these needs was also reasonably supported by the Stern report indicating father's greater sensitivity to the test results, and father's testimony explaining the steps he had taken to keep the child organized both in and out of school.

Mother next contends the court improperly relied on allegations of physical abuse by the child's stepfather and mother's "inappropriate blocking of medical treatment," asserting that both allegations had been previously determined to be unfounded by the North Carolina court. Nothing in the court's decision here, however, indicates that it relied on either of these allegations in its decision. The court expressly noted that the allegation of physical abuse had not been pursued or substantiated, and there was no evidence that mother had actually impeded the use of medication for ADHD, only that she questioned the diagnosis. Accordingly, we find no error.

Mother further contends that the court improperly failed to find a real, substantial and unanticipated change of circumstances, improperly shifted the burden of proof on the issue to mother, and failed to acknowledge her "custodial role" in assessing the best interests of the child. Mother overlooks the fact that she filed the motion to modify and testified at the hearing to the necessary change of circumstances in stating that shared custody was no longer working due to the parties' inability to agree on significant issues. Father agreed, and the court so found. This was sufficient to meet the requirement. See Maurer v. Maurer, 2005 VT 26, ¶ 8 (mem.) (finding that parties' inability to agree on transportation and counseling for child was sufficient change of circumstances to reconsider shared custody). As for her custodial role, the court expressly acknowledged that both parties had been wonderful parents, but concluded that on balance father was better able to meet the child's needs. We thus find no error, and no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

3